Argued September 2, affirmed November 12, 1976

# DRIFTWOOD SHORES, INC., *Appellant,*
## *v.*
# DEPARTMENT OF REVENUE, *Respondent.*

555 P2d 1251

*Dean M. Quick,* of Bick & Monte, Eugene, argued the cause and filed a brief for appellant.

*Alfred B. Thomas,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Denecke, Chief Justice, and McAllister, Holman, and Howell, Justices.

Affirmed.

## PER CURIAM.

This is an appeal from the determination of the Tax Court that on January 1, 1974, plaintiff's motel was of the value of $2,123,470 for ad valorem tax purposes. Plaintiff contends the Tax Court erred in accepting defendant's appraisal, rather than plaintiff's, because (1) defendant's appraiser used the cost approach to the exclusion of the market data and income approaches, and (2) defendant's appraiser incorrectly applied the cost approach in that he failed to take into account functional and economic obsolescense.

As of the evaluation date there was a paucity of evidence concerning sales of similar property and plaintiff had operated the facility as a motel for less than six months. We agree with the trial judge, whose opinion read in part:

> "The court finds that plaintiff's market data approach, based on admittedly dissimilar properties, and using a gross rent multiplier derived from studies of such properties upon a very hypothetical economic gross rent for the subject property, carries no weight because of the paucity and dubiety of the basic facts.

> "For the same reason, the plaintiff's income approach is rejected. The plaintiff's income records were too brief to be useful. Data on operations for not less than two or three years are essential and a longer period should be utilized, wherever possible. * * *."

The trial judge chose to believe the testimony of defendant's appraiser that at the time of appraisal there was insufficient evidence of functional or economic obsolescence. The trial judge inspected the premises, and his choice, with which we agree, is not surprising in view of the absence of economic and operational history for the facility.

The judgment of the trial court is affirmed.